### GEORGE FROST CO. et al. v. SAMSTAG et al.

(Circuit Court, S. D. New York. July 16, 1909.)

#### No. 9,639.

PATENTS (§ 328*)—INFRINGEMENT—HOSE SUPPORTER.

    In the Gorton patent, No. 552,470, for a hose supporter, neither claim 2 nor claim 4 can be construed to cover a supporter having a shankless button, and the patent is not infringed by the device of the Molloy patent, No. 804,756.

    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. Bill by the George Frost Company and Robert Gorton against Henry F. Samstag, Moritz Hilder, and Julius Hilder, for infringement of letters patent No. 552,470, for a hose supporter, granted to Robert Gorton December 31, 1895. On final hearing. Bill dismissed.

A. D. Salinger, for complainants.
Edmund Wetmore and George D. Seymour, for defendants.

PLATT, District Judge. The Cohn Case (C. C.) 112 Fed. 1009, affirmed 119 Fed. 506, 56 C. C. A. 185, has settled the proposition for this circuit that the owners of the Gorton patent, 552,470, are entitled to the benefits to be gained by substituting rubber or its equivalent for metal in constructing the button member of the combination, when the button has a shank. The only claim thus far sustained is claim 1, which is as follows:

"1. In a hose supporter, the combination of the webbing, the loop having an opening large at one end and narrower at the other, the button supporting plate, and the button composed of the central support and the surrounding rubber portion, substantially as set forth."

This claim clearly included a rubber shank, and so the entire thought of the courts was devoted to buttons with shanks, and no final thought about a broader construction has, up to now, entered any judicial mind. In this suit the owners go a step further, and rely for the broadening of their rights upon claims 2 and 4, which are:

"2. In a hose supporter, the combination of the webbing, the loop having an opening large at one end and narrower at the other, and the rubber button, substantially as set forth."

"4. In a hose supporter, the combination of the webbing, the supporting plate attached thereto, the button or stud mounted thereon and having a flanged head of rubber, the loop, also attached to the webbing and having an opening large at one end and narrower at another, substantially as and for the purpose set forth."

*Fig. 9,*

They insist now that they are entitled to be protected in the use of a rubber button which has no shank at all. They reach this conclusion by pointing to Fig. 9 of the patent, and insisting that claims 2 and 4 are drawn to meet that construction, and that claim 2, at least, is not directed toward any of the other drawings prepared to illustrate the invention.

Judge Wallace, when he wrote the opinion in 119 Fed. 505, 56 C. C. A. 185, seemed to think that the button or stud must have a shank, and I am free to say that to speak of a shankless button as a working member of such a combination as the patentee was presenting is about as senseless a proposition as to talk about a headless man being a useful element in any combination. Constructing the loop, which coacts with the button, with an opening large at one end and narrower at the other, makes a shank, or the equivalent of a shank, absolutely essential to the button member of the combination. What sense would there be in the large opening, if it were not intended to permit the head of the button to pass through it? What sense would there be in narrowing it up at the other end, if it were not to enable it to come into contact with the narrower shank? The more one studies the specifications and claims of the patent in suit, the more incongruous the introduction of Fig. 9 appears to be.

If we eliminate Fig. 9, the invention assumes harmonious and symmetrical proportions, and can be understood by a man of reasonable intelligence. Every reading of the claims makes Fig. 9 look more like an interloper. To fit in at all with the other statements of the patentee, it is essential that the rubber ball suspended by a string in Fig. 9 shall, when it enters into workng combination, compose both the head and shank of a rubber button.

The present issue has never before been brought forward, except when a preliminary injunction was asked for in the old Samstag Case. 116 Fed. 982. Judge Lacombe then found that the alleged infringing buttons had metallic shanks uncovered by rubber or any other material, which shanks engaged with uncovered metallic loops. He did not think the patent had been construed broadly enough to hold that such a device infringes. If the metal of the shank engaged with the metal of the loop to any appreciable extent, I should believe the present suit to be entirely devoid of merit; but I understand the contention now to be that, because of the goose-neck construction of defendants' device, they have produced an article which has no shank, and that metal does not come into contact with metal in the use to which the device is put.

The complainant says that this fact is evidenced by the patentee's statement in lines 77 to 90 of the specifications in the Molloy patent, 804,756, under which defendants' structure is made. It would seem to me, however, that in defendants' structure, when the fabric has been placed over the button and the loop drawn up so that the narrower part comes under the button, there must be more or less bite between the metal of the loop and the metal just beneath the rubber button upon which the button is set and supported. If this is true to any appreciable extent, then there is certainly the bite of metal on metal, which to my mind is, from any viewpoint, beyond the scope of the patent in suit, which so plainly places the stress of the invention in the bite of metal upon rubber.

Claim 4 can be dismissed with a word. It is impossible to rid this claim of a shank, because it calls for a supporting plate and a button or stud mounted thereon, in combination with a loop large at one end and narrower at another. The flanged head of rubber is plainly intended to cover such a construction as is illustrated in Fig. 4. The defendant infringes no such construction.

Fig. 4,

The only debatable ground is found in and about claim 2. Is it intended therein to claim the shankless button of Fig. 9, as well as the shanked button of Fig. 4? Except for the incidental allusions to Fig. 9, the dominating functional idea of the patent is to hold the fabric between the shank and metal loop, or between a button in which both shank and top is made of or covered with rubber and a metal loop. The fabric then settles into the rubber, and is not liable to be accidentally displaced while in use. This latter notion is an essential one to the proper functions of the patented construction, and is, indeed, forced into the patent by reason of the patentee's earlier invention, which had a rubber button and a clamping jaw.

This accidental displacement while in use would be largely absent from a construction prepared to conform to Fig. 9, unless the narrower part of the metal loop should coact with a portion of the rubber button as with a shank. Mr. Livermore, whose views as to claim 1 were sanctioned by the courts in the Cohn Cases, has vouchsafed no light upon the present issue. When the Sulzbacher Case (No. 8,062, no written

opinion) was up on affidavits, he said, about the rubber button of claim 2, that he understood it to mean a button of which the whole exterior, both head and shank, were of rubber. So reading it, he would be forced to find both a head and shank in the rubber ball of Fig. 9, and it is possible that he has disappeared from the case for that reason.

Defendant says that Fig. 9 is a distinct invention by itself, and does not belong in the patent in suit, and that, if it can be used to broaden claim 2, that claim is anticipated by the Knight British patent. Gorton, the patentee, testified that he made the sketch, Complainant's Exhibit C, in March, 1891, which shows the construction illustrated in Fig. 9 of his patent, and he makes no attempt to carry his conception of the Fig. 9 construction back of that date, thus bringing the Knight British patent into force as a clear anticipation of that conception.

The broad conception of the patent in suit was carried back of the Knight patent in the Cohn Case, but the decision on claim 1 of the patent in suit would not let in the suspended ball construction of Fig. 9. I deem it unnecessary to follow out that line of thought, because in my view of the case Fig. 9 cannot be used to broaden claim 2 into a claim for a shankless button.

This controversy is interesting, and deserves more elaborate treatment; but the time at my disposal is so limited that I am compelled to say these few words and pass along.

There is no infringement, and thereore the bill should be dismissed, with costs.